**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1683

JUAN MANUEL RIVERA-RONDON,

                    Petitioner,

          v.

ERIC H. HOLDER, JR.,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Argued: May 12, 2009                     Decided: August 3, 2009

Before TRAXLER, Chief Judge, AGEE, Circuit Judge, and Malcolm J. HOWARD, Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

**ARGUED:** Jason Lee Pope, LAW OFFICE OF MARY ANN BERLIN, Baltimore, Maryland, for Petitioner. Keith Ian McManus, UNITED STATES DEPARTMENT OF JUSTICE, Office of Immigration Litigation, Washington, D.C., for Respondent. **ON BRIEF:** Mary Ann Berlin, Baltimore, Maryland, for Petitioner. Gregory G. Katsas, Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, UNITED STATES DEPARTMENT OF JUSTICE, Office of Immigration Litigation, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Manuel Rivera-Rondon ("Rivera") petitions for review of an order of the Board of Immigration Appeals upholding an immigration judge's decision finding Rivera to be removable and ineligible for withholding of removal, and reversing the immigration judge's determination that Rivera is entitled to deferral of removal under the Convention Against Torture ("CAT"), see United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, art. 3, 23 I.L.M. 1027, 1465 U.N.T.S. 85. We dismiss for lack of jurisdiction the portion of Rivera's petition requesting relief under the CAT, and we deny the petition as to Rivera's removability.

I.

Rivera is a Peruvian citizen who entered the United States illegally in 1991. His status was adjusted to that of lawful permanent resident in August 2000. In October 2004, he was convicted in a Maryland state court after pleading guilty to willfully contributing to an act, omission, or condition that renders a child in need of assistance. See Md. Code Ann., Cts. & Jud. Proc. § 3-828. Consequently, in April 2007, the Department of Homeland Security ("DHS") commenced removal proceedings against him, charging him with being removable on four grounds: having been convicted of an aggravated felony

3

constituting sexual abuse of a minor, see 8 U.S.C.A. §§ 1101(a)(43)(A), 1227(a)(2)(A)(iii) (West 2005); having willfully misrepresented one or more material facts on his application for adjustment of status, see 8 U.S.C.A. §§ 1227(a)(1)(A), 1182(a)(6)(C)(i) (West 2005); having been convicted of a crime involving moral turpitude, see 8 U.S.C.A. § 1227(a)(2)(A)(i) (West 2005); and having been convicted of a crime of child abuse, child neglect, or child abandonment, see 8 U.S.C.A. § 1227(a)(2)(E)(i) (West 2005).

Appearing with counsel before an immigration judge in April 2007, Rivera admitted his alienage but denied each of the four charges of removability and moved to terminate removal proceedings. The immigration judge denied his motion, finding that DHS had proven by clear and convincing evidence that Rivera was in fact removable on each of the four charges.

Having been determined to be removable, Rivera sought withholding of removal under the Immigration and Nationality Act ("INA"), see 8 U.S.C.A. § 1231(b)(3) (West 2005), and relief from removal under the CAT. Regarding the request for CAT relief, he claimed he feared he would be detained, tortured, or assassinated if he returned to Peru because the Peruvian army would view him as a traitor for having implicated other military officials with his testimony concerning a 1985 incident that occurred when he was serving in the military. On December 12,

4

2007, the immigration judge issued an opinion ordering Rivera removed to Peru pursuant to the four charges, denying his applications for withholding of removal under the INA and the CAT, and granting his request for deferral of removal under the CAT.

Both parties appealed, with Rivera challenging only the four charges of removability. The Board dismissed Rivera's appeal and sustained the government's in part. The Board agreed with the immigration judge that Rivera had been convicted of an offense that constituted sexual abuse of a minor[1] but disagreed with the judge's finding that Rivera was eligible for deferral of removal under the CAT. The Board therefore ordered Rivera removed to Peru.

## II.

Rivera first argues that the Board erred in determining that his Maryland conviction was for an aggravated felony. We conclude that the Board correctly decided the issue.[2]

---

[1] Because it reached this conclusion, the Board did not address the immigration judge's determination that Rivera was also removable under the other three charges.

[2] The parties appear to disagree regarding the standard of review that we should apply to the Board's decision. Because we would deny the petition of review even were we to apply a de novo standard, we need not decide what standard of review applies.

The government has the burden to establish by "clear and convincing evidence" that the facts alleged as the basis for removability are true. 8 U.S.C.A. § 1229a(c)(3) (West 2005). Any alien is removable from the United States if, at any time after admission, he has been convicted of a crime that the INA defines as an "aggravated felony," 8 U.S.C.A. § 1227(a)(2)(A)(iii), which includes, as is relevant here, the "sexual abuse of a minor," 8 U.S.C.A. § 1101(a)(43)(A).

In determining whether Rivera's Maryland conviction was for sexual abuse of a minor within the meaning of § 1101(a)(43)(A), we utilize the categorical approach set out in Taylor v. United States, 495 U.S. 575 (1990). See Soliman v. Gonzales, 419 F.3d 276, 284 (4th Cir. 2005). Under that approach, we consider whether the statutory elements of the Maryland offense necessarily include the elements of a sexual-abuse-of-a-minor offense. See id. at 284. "If the statute of conviction may, but does not necessarily, include" those elements, we must consider "the indictment (or information) and similar documents for the state law offense, and assess whether the state court, in adjudging guilt, was required to find the elements of [sexual abuse of a minor] required by federal law." Id.; see Shepard v. United States, 544 U.S. 13, 26 (2005) (holding that inquiry under the categorical approach "is limited to the terms of the charging document, the terms of a plea agreement or transcript

6

of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information" (emphasis added)).

Rivera was convicted of violating § 3-828(a) of the Maryland Courts and Judicial Proceedings Code, which provides that "[a]n adult may not willfully contribute to, encourage, cause or tend to cause any act, omission, or condition that renders a child in need of assistance." A "[c]hild in need of assistance" is

> a child who requires court intervention because:
>
> (1) The child has been abused, has been neglected, has a developmental disability, or has a mental disorder; and
>
> (2) The child's parents, guardian, or custodian are unable or unwilling to give proper care and attention to the child and the child's needs.

Md. Code Ann., Cts. & Jud. Proc. § 3-801(f) (emphasis added). As used in § 3-801, "abuse" means "(1) [s]exual abuse of a child, whether a physical injury is sustained or not; or (2) [p]hysical or mental injury of a child under circumstances that indicate that the child's health or welfare is harmed or is at substantial risk of being harmed by [a parent or household member]." Md. Code Ann., Cts. & Jud. Proc. § 3-801(b) (2009) (emphasis added). "Sexual abuse," in this context, "means an act that involves sexual molestation or sexual exploitation of a

7

child by . . . [a] parent or other individual who has permanent or temporary care or custody or responsibility for supervision of the child . . . or . . . [a] household family member." Md. Code Ann., Cts. & Jud. Proc. § 3-801(x)(1).

Rivera does not dispute that if he was in fact convicted under the sexual abuse section of the Maryland statute, he is removable for having been convicted of an aggravated felony. However, Rivera argues that the government did not prove by clear and convincing evidence that he was convicted under that portion of the statute. In support of his position, Rivera identifies facts that he contends could have been a basis for a conclusion by the state court that Rivera pled guilty under the neglect, mental-disorder, or mental-injury portions of the statute. He argues that some of these facts must have formed the basis for his plea because the version of the sexual incident with his daughter to which he admitted foreclosed the possibility that he engaged in any intentional sexual activity with her. See Md. Code. Ann, Cts. & Jud. Proc. § 3-828(a) (providing that "[a]n adult may not willfully contribute to, encourage, cause or tend to cause any act, omission, or condition that renders a child in need of assistance" (emphasis added)). Finally, he points to a statement his counsel made during the plea hearing that "nothing about this plea is intended to imply, for immigration purposes, that he's committed

8

a sexual offense against a minor."  J.A. 395; see also J.A. 390 (statement of defense counsel that "some of the terms of this plea have been worked out . . . because of his potential immigration consequences").  We are unpersuaded.

When asked during the state-court plea hearing for a proffer of the facts supporting the guilty plea, the prosecutor explained that, had the case gone to trial, she would have offered evidence that Rivera's daughter reported in September 2003 that Rivera engaged in anal intercourse with her in 1997 when she was eight years old, as well as evidence that Rivera had later apologized to the child's mother for abusing the child, stating that he had been rubbing the child's back "and ended up on top of her."  J.A. 399.  The prosecutor noted that Rivera had previously told a court evaluator in the Family Division of the Montgomery County Circuit Court that what really happened was that his daughter came into bed one night with him and his wife, he "grabbed" her, and got an erection.  J.A. 399. The prosecutor reported that Rivera had claimed "that he realized it was his daughter and pulled away."  J.A. 399. Defense counsel then stated, "No additions for purposes of the plea.  And just to make it clear for the record, the statement made to [the court evaluator] is the defendant's version of the events."  J.A. 400.

The parties' descriptions in the state court of the factual basis for the plea unmistakably demonstrate that Rivera pleaded guilty under the "sexual abuse" section of the statute. In setting out the plea's factual basis, the prosecutor discussed only the sexual incident with Rivera's daughter and did not assert that any physical or mental injury resulted or that she was neglected or suffered from a developmental disability or mental disorder. Although Rivera points to some facts mentioned during other parts of the plea hearing that do not relate to sexual abuse committed by him and which he claims arguably could have supported an allegation of a § 3-828(a) violation, the colloquy clearly shows that these were not part of the plea's factual basis.

Nor does Rivera's "version of events" show that the sexual incident was not the basis for the guilty plea. At the time Rivera pleaded guilty, Maryland Rule 4-242(c) provided, as is relevant here:

> **Plea of guilty.** The court may accept a plea of guilty only after it determines, upon an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that (1) the defendant is pleading voluntarily, with understanding of the nature of the charge and the consequences of the plea; and (2) there is a factual basis for the plea. . . . The court may accept the plea of guilty even though the defendant does not admit guilt.

10

Md. Rule 4-242(c) (2008).  Thus, even if Rivera's version of events is understood as a refusal to agree that he committed the act that the prosecutor outlined in the factual basis she presented for Rivera's guilty plea, that does not change the fact that the factual basis was, in fact, the sexual incident with Rivera's daughter, and therefore, that Rivera was necessarily convicted under the sexual abuse portion of the statute.  See Rivera v. State, 2009 WL 1606767, at *9 (Md. June 10, 2009) (holding that facts that "Rivera engaged in anal intercourse with his daughter and 'ended upon on top' of [her] while rubbing her back" "provided a sufficient factual basis to support the conclusion that Mr. Rivera violated § 3-828").

Finally, defense counsel's self-serving statement regarding the immigration implications of the guilty plea, like Rivera's statement of his version of events, does not raise any doubt concerning which facts formed the basis for the plea.  It was certainly not the job of the state court to determine the correctness of this assertion.  Cf. id. at *10 (noting that "the record does not reflect that the State or the trial judge made Mr. Rivera any assurances about the actions that [Immigration and Customs Enforcement] would or would not pursue in the future").

# III.

In sum, we conclude that the Board correctly determined that Rivera was removable for having been convicted of an aggravated felony.[3]

<u>DISMISSED IN PART AND DENIED IN PART</u>

---

[3] Rivera contends that the Board erred in denying his application for protection under the CAT. We lack jurisdiction to review this claim. Courts generally do not possess jurisdiction to review final orders of removal against aliens charged with removability for having committed aggravated felonies. <u>See</u> 8 U.S.C.A. §§ 1252(a)(2)(C), 1227(a)(2)(A)(iii) (West 2005); <u>Saintha v. Mukasey</u>, 516 F.3d 243, 248 (4th Cir.), <u>cert. denied</u>, 129 S. Ct. 595 (2008). Although there is an exception for "'constitutional claims or questions of law'" raised in a petition for review, <u>Saintha</u>, 516 F.3d at 248 (quoting 8 U.S.C.A. § 1252(a)(2)(D) (West 2005)), Rivera does not raise any such claim.

12